UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARIUS DARNELL MOFFETT,

                    Petitioner,

v.                                                          Case No. 24-CV-58

PETER J. JAEGER,[1]

                      Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Darius Darnell Moffett, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition was a motion for leave to proceed without prepayment of the filing fee. Based on the information presented in his motion and in his institutional trust account statement, Moffett lacks the financial resources to pay the filing fee, and his motion is **granted**.

Rule 4 of the Rules Governing Section 2254 Cases states:

---

[1] Moffett named "Prairie du Chien Correctional Institution" as the respondent. "[T]he petition must name as respondent the state officer who has custody." Rule 2 of the Rules Governing Section 2254 Cases. Peter J. Jaeger, as the warden of Prairie du Chien Correctional Institution where Moffett is currently incarcerated, is the correct respondent. The Clerk shall update the docket accordingly.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Moffett pled guilty in 2017 (ECF No. 1 at 2) and the Wisconsin Court of Appeals affirmed his conviction on March 14, 2023 (ECF No. 1-1 at 1.) The Wisconsin Supreme Court denied review on June 22, 2023. (ECF No. 1 at 3.)

On November 29, 2023, Moffett filed a motion for post-conviction relief in the circuit court. (ECF No. 1 at 4.) Those proceedings are still pending. Because Moffett has not exhausted his state court remedies, he is not entitled to relief in federal court. 28 U.S.C. § 2254(b). Therefore, he asks that the court stay its proceedings and hold his petition in abeyance while he exhausts his remedies in state court. (ECF No. 4.)

Based on the timeline contained in Moffett's petition, the one-year clock under 28 U.S.C. § 2244(d)(1) did not start running until September 20, 2023, when the 90-days for Moffett seeking review by the United States Supreme Court expired without him seeking such relief. *See* Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The clock then ran for 70 days until it stopped on November 29, 2023, with Moffett filing his motion for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2).

Against this backdrop, there are strong reasons to deny a motion for stay and abeyance. "[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and

abeyance procedure would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id.*

Based on the timeline set forth in his petition, Moffett would still have roughly 295 days in which to file a federal habeas petition if he wished to pursue one following the exhaustion of his remedies in state court.

Before resolving Moffett's petition, the court will allow the respondent an opportunity to respond.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General. No later than **45 days after this order**, the respondent shall respond to Moffett's motion to stay and hold his petition in abeyance. Moffett may reply not later than **28 days** thereafter.

If Moffett wishes to voluntarily dismiss his petition or otherwise does not wish to proceed with it, he must promptly notify the court.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 1st day of February, 2024.

*[signature: William E. Duffin]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge