UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARIUS DARNELL MOFFETT,

        Petitioner,

v.

        Case No. 24-cv-58-pp

MICHELLE HOFFMAN,[1]

        Respondent.

---

**ORDER DENYING MOTION FOR STAY (DKT. NO. 4) AND DISMISSING PETITION WITHOUT PREJUDICE**

---

On January 16, 2024, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2017 conviction in Milwaukee County Circuit Court for vehicle theft, burglary and bail jumping. Dkt. No. 1. With his petition, the petitioner filed a motion for stay and abeyance, asking the court to allow him to pursue his state court remedies. Dkt. No. 4. The court will deny the motion for stay and dismiss the petition without prejudice.

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The petitioner is now incarcerated at the Kenosha Correctional Center. Michelle Hoffman is the superintendent of that institution. The court has updated the caption accordingly.

1

## I. Background

### A. State Court Proceedings

The petition refers to State v. Moffett, Milwaukee County Case No. 2016CF003932 (available at https://wcca.wicourts.gov). On December 14, 2017, the petitioner pled guilty to vehicle theft, burglary and bail jumping. Id. The court sentenced the petitioner to a total of ten years of initial confinement and nine years of extended supervision. Id. On November 13, 2018, the petitioner filed a motion to withdraw his guilty plea, which the circuit court denied. Id. The petitioner's counsel filed a no merit appeal brief on March 25, 2019. Id. On November 4, 2019, the court of appeals dismissed the no merit appeal without prejudice. Id.

On February 17, 2020, the petitioner filed a motion for postconviction relief. Id. The circuit court denied that motion, and the petitioner appealed. Id. On August 25, 2021, the court of appeals reversed and remanded the motion for an evidentiary hearing. Id. After holding an evidentiary hearing, the circuit court again denied the petitioner's motion. Id. The court of appeals affirmed on March 14, 2023, and on June 22, 2023, the Wisconsin Supreme Court denied the petitioner's petition for review. Id.

The petitioner filed another motion for postconviction relief on December 4, 2023. Id. He then filed this *habeas* petition on January 16, 2024. Dkt. No. 1. The petitioner also filed a motion to stay this case pending the resolution of his postconviction motion in state court. Dkt. No. 4.

Shortly after the petitioner filed the petition in this case, the circuit court denied his postconviction motion. Moffett, Case No. 2016CF003932. The petitioner filed both a motion for reconsideration, which the circuit court denied, and a notice of appeal. Id. The petitioner's appeal has been pending with the court of appeals since April 1, 2024. Id.

B.    Federal *Habeas* Petition

The petitioner raises two grounds for relief in his petition: (1) the state failed to preserve and disclose exculpatory and impeachment evidence to the petitioner during his state court proceedings in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (2) ineffective assistance of postconviction/appellate counsel. Dkt. No. 1 at 6–8. The petitioner lists Ground One twice on his petition and states that this ground is both exhausted and unexhausted. See id. at 6–7. It appears that the petitioner *may* have exhausted this ground by raising it in his first postconviction motion. Id. at 3. The petitioner admits that he did not exhaust his state remedies as to the ineffective assistance of counsel claim because it is the subject of his pending state postconviction motion. Id. at 8.

The petitioner asked the court to stay his petition while the state courts resolve his second postconviction motion. Dkt. No. 4 at 1. The petitioner's motion recites the standard for granting a stay and abeyance in a *habeas* case, but does not state specific reasons why the court should stay his petition. See id. at 3–6.

3

On February 1, 2024, Magistrate Judge William E. Duffin screened the petitioner's *habeas* petition. Dkt. No. 7. In his screening order, Judge Duffin stated that the petitioner had not exhausted his state court remedies because his second postconviction motion remained pending. Id. at 2. Judge Duffin determined that the petitioner's one-year limitation period to seek federal *habeas* review began to run on September 20, 2023, when his time to seek review by the United States Supreme Court expired. Id. (citing Sup. Ct. R. 13; Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002)). Judge Duffin stated that the petitioner's limitation period had continued to run until the petitioner filed his motion for postconviction relief.[2] Id.

Because only a little over two months of the petitioner's one-year period for filing a federal *habeas* petition had elapsed, Judge Duffin stated that there were "strong reasons to deny a motion for stay and abeyance." Id. By Judge Duffin's count, the petitioner would have roughly 295 days after he exhausted his state court remedies in which to file his federal *habeas* petition. Id. at 3. But before ruling on the motion to stay, Judge Duffin ordered the respondent to respond to the petitioner's motion. Id.

The respondent timely filed a response. Dkt. No. 11. The respondent argues that the petitioner has not demonstrated good cause for his failure to

---

[2] Judge Duffin identified November 29, 2023 as the date the petitioner filed his motion for postconviction relief, likely based on the petitioner's assertion in his motion for stay. See Dkt. Nos. 7 at 2; 4 at 3. But the state court docket shows that the court received the petitioner's motion on December 4, 2023. Moffett, Case No. 2016CF003932. It appears from that record that seventy-five days of the petitioner's limitation period have expired.

exhaust and had not demonstrated that his unexhausted claim is potentially meritorious. Id. at 2. The respondent argues that the petitioner will have about 295 days to file a federal *habeas* petition after he exhausts his state court remedies. Id. The respondent contends that the circuit court denied the petitioner's postconviction motion as meritless and that the court of appeals "is almost certain to affirm." Id.

The petitioner replies that he has good cause for his failure to exhaust. Dkt. No. 12 at 2. He contends that he is in the middle of exhausting his state court remedies and could not have challenged his postconviction counsel's performance until his prior round of postconviction review was completed. Id. He argues that just because the circuit court denied his motion does not necessarily mean the court of appeals will affirm that decision. Id.

The petitioner says that he believed he had one year from the date the Wisconsin Supreme Court denied review of his first postconviction motion to file his federal *habeas* petition. Id. at 3. The petitioner asserts that he did not know that further state court postconviction motions would stop the one-year clock from running. Id. at 4. He states that if he will be able to bring this petition after his pending state court proceedings are complete, he "has no problem" doing so. Id.

## II. Analysis

A federal court "may not adjudicate mixed petitions for *habeas corpus*, that is, petitions containing both exhausted and unexhausted claims Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 510

5

(1982)). In Lundy, the Supreme Court required district courts to dismiss "mixed petitions" without prejudice and allow the petitioners to return to state court and exhaust the unexhausted claims. Id. (citing Lundy, 455 U.S. at 522). About fifteen years later, however, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), which required an incarcerated person to file a federal *habeas* petition within one year of the date on which the state court judgment becomes final. Id. (citing 28 U.S.C. §2244(d)). Recognizing that if a district court dismissed a "mixed petition" and required a petitioner to return to state court, the petitioner might be barred from returning to federal court by the AEDPA statute of limitation, the Supreme Court concluded that a district court could, if it chose to do so, stay the federal *habeas* case (rather than dismissing it) and allow the petitioner to return to state court without losing his ability to seek federal *habeas* review. Id. at 276 (citations omitted).

The Supreme Court has cautioned that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if a petitioner shows good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. Finally, the Supreme Court has instructed district courts that they should not stay mixed petitions "indefinitely." Id. The Court held that "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278.

6

So, courts may stay claims if dismissing the petition would jeopardize the petitioner's ability to later file a timely *habeas* petition. Rhines, 544 U.S. at 275. But the petitioner must establish that he "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

The petitioner concedes that his ineffective assistance of postconviction counsel claim is not exhausted and that he currently is attempting to exhaust it through his second postconviction motion. Section 2244(d)(2) of the federal *habeas* statute states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Assuming the petitioner's postconviction motion was "properly filed," his one-year federal *habeas* "clock" stopped on December 4, 2023—the date that he filed the petition. The federal *habeas* clock will not start running again until that motion no longer is pending.

Again, it appears that seventy-five days of the petitioner's one-year limitation period ran between the expiration of the time for review of his first postconviction motion and the filing of his second postconviction motion. If the court's calculations are correct, that means the petitioner will have over nine months to file his federal *habeas* petition after his state court remedies are exhausted. Dismissing this case will not jeopardize the petitioner's ability to refile a timely *habeas* petition once he has exhausted all his claims.

7

The court will deny the petitioner's motion for stay and dismiss the petition without prejudice. The petitioner may refile his *habeas* petition once he has exhausted his state court remedies.

### III. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Michelle Hoffman is the correct respondent.

The court **DENIES** the petitioner's motion for stay and abeyance. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 14th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**